UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| QUINTERO HAYES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:21-cv-02781-JMS-TAB |
| M. CONYERS Major, *et al.*, | ) ) ) |
| Defendants. | ) ) |

**ORDER GRANTING DEFENDANTS' UNOPPOSED
MOTION FOR SUMMARY JUDGMENT, DISMISSING ACTION,
AND DIRECTING ENTRY OF FINAL JUDGMENT**

This action is based on Quintero Hayes' allegations that he was forced to sleep on a filthy, moldy mattress for six months at Pendleton Correctional Facility (PCF). The defendants moved for summary judgment and notified Mr. Hayes of the consequences of failing to oppose the motion. Dkts. 48, 49, 50, 51. He has not responded, and the deadline has passed. Because the designated evidence shows that none of the defendants was deliberately indifferent to a serious risk to Mr. Hayes' health or safety, the motion is granted, and this action is dismissed with prejudice.

**I.
Standard of Review**

Parties in a civil dispute may move for summary judgment, which is a way of resolving a case short of a trial. *See* Fed. R. Civ. P. 56(a). Summary judgment is appropriate when there is no genuine dispute as to any of the material facts, and the moving party is entitled to judgment as a matter of law. *Id.*; *Pack v. Middlebury Comm. Schs.*, 990 F.3d 1013, 1017 (7th Cir. 2021). A "genuine dispute" exists when a reasonable factfinder could return a verdict for the nonmoving

party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Material facts" are those that might affect the outcome of the suit. *Id.*

When reviewing a motion for summary judgment, the Court views the record and draws all reasonable inferences from it in the light most favorable to the nonmoving party. *Khungar v. Access Cmty. Health Network*, 985 F.3d 565, 572-73 (7th Cir. 2021). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). The Court is only required to consider the materials cited by the parties, *see* Fed. R. Civ. P. 56(c)(3); it is not required to "scour every inch of the record" for evidence that is potentially relevant. *Grant v. Tr. of Ind. Univ.*, 870 F.3d 562, 573-74 (7th Cir. 2017).

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id*. at 325.

The Defendants met that burden through their unopposed motion for summary judgment. Mr. Hayes failed to respond. Accordingly, facts alleged in the motion are "admitted without controversy" so long as support for them exists in the record. S.D. Ind. L.R. 56-1(f); see S.D. Ind. L.R. 56-1(b) (party opposing judgment must file response brief and identify disputed facts). "Even where a non-movant fails to respond to a motion for summary judgment, the movant still has to

show that summary judgment is proper given the undisputed facts." *Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021) (cleaned up).

## II.
## Procedural History

Mr. Hayes filed a 77-page, 106-defendant complaint raising claims ranging from exposure to repeated fires in his housing unit to prolonged confinement in administrative segregation. *See* dkt. 3. The Court recognized that Mr. Hayes' kitchen sink complaint included viable Eighth Amendment conditions-of-confinement claims and, at his request, opened this action to hear those claims specifically. Dkts. 1, 2.

In the newly opened case, Mr. Hayes filed a 46-page amended complaint asserting Eighth Amendment claims against 15 defendants. *See* dkt. 12-1. The Court observed:

> Mr. Hayes does not describe specific incidents but alleges that the "conditions described in this complaint have been going on the entire 3 years and 3 months" he was confined in the unit. Dkt. 12-1 at ¶ 201. He also does not describe how or when each defendant was involved in or responsible for the conditions he describes. Rather, after setting forth his allegations, he states generally which defendants were responsible.

Dkt. 19 at 3. The Court offered Mr. Hayes an opportunity to supplement his complaint with a statement of claims including a short, plain statement of the bases for his claims against each defendant. *Id.* at 5.

Mr. Hayes did not file a supplement and left the Court to screen the amended complaint pursuant to 28 U.S.C. § 1915A. Dkt. 21. The Court found plausible claims against five defendants:

> This action **will proceed** with Eighth Amendment claims against Defendants Brian Martz, Michael Conyers, Jim Boldman, Andrew Bagienski, and Michael Pfleeger pursuant to 42 U.S.C. § 1983. Mr. Hayes alleges that he was twice moved to a new cell where he was provided only a thin, filthy, moldy mattress. *Id.* at ¶¶ 156–159. Each time, he was left to sleep on these mattresses for three months before defendants provided him with a sanitary mattress. At minimum, Mr. Hayes' allegations that these defendants forced him to sleep on a filthy, moldy mattress for six months support a plausible Eighth Amendment claim. Mr. Hayes is not limited to proving his claims against these defendants on these facts. If discovery reveals

that these defendants were involved in or responsible for other inhumane conditions, that evidence may also support additional claims against these defendants.

*Id.* at 4–5.

Mr. Hayes later filed a motion for leave to file a second amended complaint. It would have added more than 70 defendants and a host of new claims to the action. *See* dkts. 39, 45. The Court denied his motion in February 2023, leaving his mattress claims as the only claims proceeding. Since then, Mr. Hayes has not filed any motions or any other papers.

### III.
### Undisputed Facts

Mr. Hayes was imprisoned in PCF's G Cellhouse, a restrictive housing unit, for about three years. Dkt. 49-4 at 8:8–12, 8:25–9:11. When Mr. Hayes arrived in G Cellhouse, he was given a brand new mattress. *Id.* at 13:21–14:2. But each time he changed cells within G Cellhouse, he was forced to use the mattress left behind by the cell's last occupant. *Id.* at 13:21–14:6. Around April 1, 2020, Mr. Hayes moved into a new cell and was left with a dirty, moldy, mildewy, bug-infested mattress that smelled like urine. *Id.* at 13:5–11; 14:21–24, 16:10–13.

Ms. Meyers—who is not a defendant— was in charge of inmates' property and clothing. Dkt. 49-4 at 15:9–15; dkt. 50 at undisputed material fact (UMF) 13. At least once, Mr. Hayes submitted a request for a new mattress to Ms. Meyers. Dkt. 49-4 at 15:22–16:3. She denied the request and told Mr. Hayes he could only get one new mattress per year. *Id.*

Defendant Michael Conyers was a Correctional Major at PCF. Dkt. 50 at UMF 2. Mr. Hayes never told Major Conyers about his filthy, infested mattress. Dkt. 49-4 at 19:11–15; dkt. 50 at UMF 21.

Defendants Brian Martz and Michael Pfleeger were correctional lieutenants at PCF. Dkt. 50 at UMFs 3–4. Defendant Jim Boldman was a correctional captain. *Id.* at UMF 5. Andrew

4

Bagienski was a correctional lieutenant and PCF's safety hazard manager. *Id.* at UMF 6. Mr. Hayes told each of them about his mattress and requested a new one. *Id.* at UMFs 14, 15, 18, 20; dkt. 49-4 at 15:19–21, 16:7–11 17:9–14, 17:25–18:5. Each responded that Mr. Hayes needed to request a new mattress from Ms. Meyers because she was in charge of property requests. Dkt. 49-4 at 16:4–6, 16:19–24, 17:22–24, 18:6–7; dkt. 50 at UMFs 14, 16, 19, 20.

## IV.
## Discussion

Mr. Hayes's claims fail based on the undisputed facts, the requirements of the Eighth Amendment, and basic principles of constitutional tort law.

### A.     Eighth Amendment Principles

"Prisons are not required to provide a maximally safe environment, but they must address easily preventable, observed hazards that pose a significant risk of severe harm to inmates." *Anderson v. Morrison*, 835 F.3d 681, 683 (7th Cir. 2016) (cleaned up). A prison official "violates the Eighth Amendment upon exhibiting 'deliberate indifference to a substantial risk of serious harm to an inmate.'" *Thomas v. Blackard*, 2 F.4th 716, 719 (7th Cir. 2021) (quoting *Farmer v. Brennan*, 511 U.S. 825, 828 (1994)). "A prisoner challenging conditions of confinement must first show that the conditions were sufficiently serious as an objective matter, meaning that they" created "an excessive risk to the inmate's health and safety." *Id.* (cleaned up).

"[T]o prove a violation of the Eighth Amendment, a prisoner must go beyond allegations and produce evidence not only of the inhumane conditions, but also that officials were subjectively aware of these conditions and refused to take steps to correct them, showing deliberate indifference." *Thomas*, 2 F.4th at 720. Prison officials were not deliberately indifferent if they "did not know of the underlying facts indicating a sufficiently substantial danger," such that "they were therefore unaware of a danger, or that they knew the underlying facts but believed (albeit

5

unsoundly) that the risk to which the facts gave rise was insubstantial or nonexistent." *Farmer*, 511 U.S. at 844. "In addition, prison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." *Id.*

**B.     General Constitutional Tort Law Principles**

Mr. Hayes is pursuing his Eighth Amendment claims under 42 U.S.C. § 1983, which allows suits for damages against state actors in their individual capacities. "[I]ndividual liability under § 1983 . . . requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted) (citing *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault. An individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation . . . . A causal connection, or an affirmative link, between the misconduct complained of and the official sued is necessary.")). "Liability under § 1983 is direct rather than vicarious; supervisors are responsible for their own acts but not for those of subordinates, or for failing to ensure that subordinates carry out their tasks correctly." *Horshaw v. Casper*, 910 F.3d 1027, 1029 (7th Cir. 2018).

By extension, a § 1983 plaintiff may not "insist that one employee do another's job." *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). "Bureaucracies divide tasks." *Id.* The "view that everyone who knows about a prisoner's problem must pay damages . . . can't be right." *Id.*

**C.     Analysis**

Assuming the condition of Mr. Hayes' mattress was serious enough to implicate the Eighth Amendment, the undisputed facts would not allow a reasonable jury to find any of the five defendants deliberately indifferent.

It is undisputed that Major Conyers was not subjectively aware of any problem with Mr. Hayes's mattress. *Thomas*, 2 F.4th at 720. This alone dooms any Eighth Amendment claim against him.

Mr. Hayes told the remaining defendants about his mattress, but they did not disregard the hazard. The designated evidence indicates that the prison authorities placed one officer—Ms. Meyers—in charge of inmates' property requests. And there is no dispute that Defendants Martz, Pfleeger, Boldman, and Bagienski each responded to Mr. Hayes's complaints about his mattress by steering him to the officer designated to handle requests for new mattresses.

It is true that "prisoner requests for relief that fall on 'deaf ears' may evidence deliberate indifference." *Perez v. Fenoglio*, 792 F.3d 768, 782 (7th Cir. 2015) (quoting *Dixon v. Godinez*, 114 F.3d 640, 645 (7th Cir.1997)). "Indeed, once an official is alerted to an excessive risk to inmate safety or health through a prisoner's correspondence, 'refusal or declination to exercise the authority of his or her office may reflect deliberate disregard.'" *Perez*, 792 F.3d at 782 (quoting *Vance v. Peters*, 97 F.3d 987, 992–93 (7th Cir.1996)).

But Mr. Hayes' property requests did not fall on deaf ears. They fell on the ears of officers who directed him to the officer designated to solve his problem. No evidence indicates that any defendant knew Ms. Meyers had received or rejected mattress requests from Mr. Hayes. As such, there is no evidence that they responded unreasonably by directing Mr. Hayes to submit property requests to the property officer. *Farmer*, 511 U.S. at 844. Further, there is no evidence that any defendant had authority to bypass the property officer and grant Mr. Hayes a new mattress unilaterally. *Perez*, 792 F.3d at 782.

Captain Boldman states that, if "an offender's mattress was in particularly poor condition," he "would confiscate it immediately and get them a new one *from the property department*."

7

Dkt. 49-2 at ¶ 7 (emphasis added). At most, this statement implies that Captain Boldman could remove a mattress *he observed* to be in particularly poor condition and obtain a new mattress from the designated property officer—the same officer to whom he directed Mr. Hayes. Captain Boldman's statement does not allow an inference that he actually observed Mr. Hayes' mattress in such poor condition but failed to escalate the issue with the property officer. In short, no evidence would allow a reasonable jury to find that Captain Boldman acted with deliberate indifference by directing Mr. Hayes to submit a request to the property officer instead of submitting that request himself.

The undisputed evidence does not allow the conclusion that any defendant was deliberately indifferent to a serious hazard to Mr. Hayes's health or safety. The defendants are entitled to summary judgment.

## V.
## Conclusion

The defendants' motion for summary judgment, dkt. [48], is **granted**. This action is **dismissed with prejudice** pursuant to this order and the screening order, dkt. 21. The **clerk is directed** to enter **final judgment**.

**IT IS SO ORDERED.**

Date: 12/15/2023

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

QUINTERO HAYES
221 S Prospect St
Rockford, IL 61104

Jordan Douglas Hall
Lewis and Wilkins LLP
hall@lewisandwilkins.com

Eric Ryan Shouse
Lewis And Wilkins LLP
shouse@lewisandwilkins.com